IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-1749-WJM-SKC

TITAN MANUFACTURING SOLUTIONS, INC., a Nevada corporation,

Plaintiff,

v.

NATIONAL COST, INC., a Florida corporation d/b/a National Tax Group,
LEE FERRY, and
STEPHANIE REYNOSO,

Defendants.

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Titan Manufacturing Solutions, Inc. ("Plaintiff"), sues Defendants National Cost, Inc., Lee Ferry, and Stephanie Reynoso (together, "Defendants") for trade secret misappropriation in violation of the Colorado Uniform Trade Secrets Act ("CUTSA"), Colo. Rev. Stat. §§ 7-74-101 to -110, and related causes of action.  Currently before the Court is Plaintiff's Amended Motion for Temporary Restraining Order and Preliminary Injunction.  (ECF No. 22.)  Despite the motion's title, it only attempts to justify a preliminary injunction, not a temporary restraining order.  For the reasons explained below, this motion is denied.

**I. BACKGROUND**

Plaintiff "develops proprietary tax software solutions for, among other things, the R&D [research and development] Tax Credit."  (ECF No. 22-1 ¶ 10.)  The R&D credit is particularly complex.  (*Id.* ¶ 11.)  "Among other software solutions, [Plaintiff] developed

Titan Armor®, an online, web-based application and platform that captures the R&D Tax Credit." (*Id.* ¶ 13.) Plaintiff "developed and refined those applications and platforms based on extensive experience before the Internal Revenue Service ('IRS'). . . . [¶] Aspects of [Plaintiff's] applications and platforms are confidential and proprietary and are not known outside of [Plaintiff]." (*Id.* ¶¶ 14–15.)

Beginning in January 2018, Defendants licensed "Titan Armor" from Plaintiff. (*Id.* ¶ 19.) The written licensing agreement prohibits reverse engineering and restricts Defendants' ability to disclose information from Titan Armor. (*Id.* ¶¶ 23–29.) Under a separate terms-of-service agreement, Defendants agreed not to disclose their Titan Armor login credentials to unauthorized users. (*Id.* ¶¶ 36–39.)

In February 2019, Defendants hired a third party to develop a database to assist Defendants in helping clients to claim the R&D tax credit. (*Id.* ¶ 40.) To assist the third party, Defendants sent along, among other things, "screenshots of [Plaintiff's] applications and platform." (*Id.* ¶¶ 41–42.) Defendants also sent along "links to various pages of [the] application and platform" that could not be accessed without also sharing login credentials. (*Id.* ¶¶ 44–45.) The third party "partially developed" the new database "before terminating its engagement on or about May 16, 2019." (*Id.* ¶ 48.) This new database "contains various aspects derived from [Plaintiff's] online, web-based platform including a nearly verbatim reproduction of Titan Armor's Task Library using [Plaintiff's] lists of task codes, task types, and task descriptions." (*Id.* ¶ 49.) Plaintiff believes that Defendants are hiring other software developers to continue the project to, allegedly, reverse engineer Titan Armor. (*Id.* ¶ 50.)

## II. LEGAL STANDARD

A preliminary injunction is an extraordinary remedy; accordingly, the right to relief must be clear and unequivocal. *See, e.g.*, *Flood v. ClearOne Commc'ns, Inc.*, 618 F.3d 1110, 1117 (10th Cir. 2010). A movant must show: (1) a likelihood of success on the merits, (2) a threat of irreparable harm, which (3) outweighs any harm to the non-moving party, and (4) that the injunction would not adversely affect the public interest. *See, e.g.*, *Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012).

## III. ANALYSIS

Among the preliminary injunction elements, "a showing of probable irreparable harm is the single most important prerequisite." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (internal quotation marks omitted). This is where Plaintiff's motion falls short.

Plaintiff begins by citing case law supposedly standing for the proposition that misappropriation of trade secrets is *per se* irreparable harm, and even that irreparable harm need not be shown when a defendant engages in conduct prohibited by a statute authorizing injunctive relief as a remedy. (ECF No. 22 at 12.) This case law is not sound in light of *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016) (holding that "any modified test which relaxes one of the prongs for preliminary relief and thus deviates from the standard test is impermissible") and *First Western Capital Management Co. v. Malamed*, 874 F.3d 1136, 1140 (10th Cir. 2017) (holding that "[c]ourts may presume irreparable harm only when a party is seeking an injunction under a statute that *mandates* injunctive relief as a remedy for a violation of the statute" (emphasis in original)).

3

Plaintiff's argument on the facts of this case do not fare much better than its argument from case law.  Plaintiff generically announces that once "details of its application and platform" have been disclosed, "it is difficult—if not impossible—to control [their] dissemination."  (ECF No. 22 at 12.)  Plaintiff also emphasizes that Defendants' "derivative database . . . includ[es] a nearly verbatim reproduction of [Plaintiff's] 'task library'—trade secret information developed at considerable time and expense to [Plaintiff]."  (*Id.* at 13.)  But Plaintiff entirely fails to explain what it means by its mantra-like invocation of "application(s) and platform(s)," and similarly fails to explain what the "task library" actually *is*.  The Court cannot begin to evaluate irreparable harm (such as difficulty of controlling dissemination, the appropriateness of damages as an exclusive remedy, etc.) without any idea of what a movant is talking about when it declares something to be a trade secret.[1]

Plaintiff has thus failed to carry its burden of demonstrating irreparable harm if an injunction is not granted.  The Court therefore need not analyze any other element of the preliminary injunction test.

### IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Amended Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 22) is DENIED without prejudice; and

---

[1] Plaintiff pleads that its licensing agreement with Defendants contains language stating that it "may suffer irreparable injuries for which there would be no adequate remedy at law" if the agreement is breached.  (ECF No. 22-1 ¶ 30.)  But Plaintiff makes nothing of this contractual term in its motion, and it otherwise has little effect in any event.  *See Dominion Video*, 356 F.3d at 1266 ("While courts have given weight to parties' contractual statements regarding the nature of harm and attendant remedies that will arise as a result of a breach of a contract, they nonetheless characteristically hold that such statements alone are insufficient to support a finding of irreparable harm and an award of injunctive relief.").

2. The Stipulated Interim Preliminary Injunction (ECF No. 25) is DISSOLVED.

Dated this 16th day of July, 2019.

BY THE COURT:

_____
William J. Martinez
United States District Judge